|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

TODD ALLEY, §
　§
　　Movant, §
　§
*versus* § CIVIL ACTION NO. 1:19-CV-24
　§
UNITED STATES OF AMERICA, §
　§
　　Respondent. §

**MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Movant Todd Alley, a federal inmate currently confined at the Smith County Jail in Tyler, Texas, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the motion be dismissed as barred by limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation.[1] This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes movant's objections are without merit. Movant contends he is actually innocent of the charge for which he was convicted. Movant states he is currently confined in the Smith County Jail on a bench warrant from the Federal Medical

---

[1] Movant filed two pleadings with the Court on the same day the Report was entered. However, providing movant liberal construction of his pleadings, the pleadings are interpreted as objections to the Report.

Center in Fort Worth, Texas. Movant asserts he is not provided access to the law library at the Smith County Jail.

To the extent movant's objections may be liberally interpreted as a request for equitable tolling, such request is without merit in this case. Movant challenges a conviction received in the Eastern District of Texas on September 30, 1998. However, movant has made no attempt to explain the excessive delay in filing a motion to vacate while in federal custody prior to his confinement at the Smith County Jail.

While the statutory limitations period is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); *United States v. Jackson*, 470 F. App'x 324 (5th Cir. 2012). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. *Holland* defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." *Id*., at 653. "[E]quity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).

Movant has failed to assert any sufficient factual basis supporting a claim he diligently pursued his rights and could not have discovered his claims earlier due to some extraordinary circumstance. Neither proceeding *pro se*, having limited access to a law library, nor lacking knowledge of filing deadlines case serve as a basis for equitable tolling as they are not a "rare and exceptional" circumstance of prison life. *See Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000). A *pro se* prisoner's ignorance of the law of habeas corpus is likewise insufficient to invoke equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Further, movant fails to assert

he diligently pursued his rights during the previous twenty years when he was not subjected to the difficulties now alleged. Accordingly, equitable tolling is not warranted, and the motion to vacate is barred by limitations.

Additionally, movant asserts this conviction does not belong to him and should be removed from his record. Such a claim challenges the authority of the Bureau of Prisons to confine him or to issue a detainer for his return from the Smith County Jail. However, a challenge to the fact or duration of his confinement must be brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed,2d 439 (1973). Therefore, movant's objections should be overruled.

Furthermore, the movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying a motion under section 2255 may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the

severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## ORDER

Accordingly, Movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 8th day of May, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE